# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

SHAUNTAE TAYLOR,

          Plaintiff,

   v.

MIMMS,

          Defendants.

Case No. 1:18-cv-01356-BAM (PC)

ORDER DENYING PLAINTIFF'S MOTION TO FILE EXHIBITS TO COMPLAINT EXCEEDING TWENTY-FIVE PAGE LIMIT

(ECF No. 7)

Plaintiff Shauntae Taylor ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint has not yet been screened.

Currently before the Court is Plaintiff's motion requesting that the Court increase the page limit for his complaint, filed October 29, 2018. (ECF No. 7.) Plaintiff requests that the Court allow him to file, by e-filing or institutional mail, roughly 28 exhibits as proof of his claims. It does not appear that Plaintiff is requesting to amend his complaint, but merely to allow the addition of these exhibits. In support of his motion, Plaintiff alleges that he has recently had issues with e-filing misconduct. Plaintiff alleges that a different civil suit, Taylor v. Sgt. Jimenez, was recently returned through institutional mail for exceeding the 25-page limit for e-filing. Plaintiff claims that this case remains missing, and alleges other misconduct among prison staff regarding the filing of complaints, as an illustration that the e-filing system does not work.

Plaintiff further alleges that Case No. 1:18-cv-00641-JDP was accepted for filing, although that complaint was 53 pages long.[1]  Therefore, Plaintiff argues that the rejection of his other civil complaints for excessive pages was a cover up to allow prison staff to steal the complaint.  (Id.)

To the extent Plaintiff requests that the Court take action regarding a separate civil complaint filed two months prior to the filing of this action, this is not the appropriate forum for such relief, and the Court denies the request.  Similarly, Plaintiff's allegations regarding issues with e-filing and the filing of grievances with prison officials are not relevant to this action or this motion.

With respect to the request to exceed the 25-page limit, Plaintiff is informed that the complaint filed on October 2, 2018 in this action is thirty-one (31) pages, which **already exceeds** the page limit.  Although Plaintiff has not stated how many pages of exhibits he wishes to add, the Court assumes that they are at least twenty-eight (28) additional pages, given that there are "roughly 28" exhibits.  Plaintiff argues that these exhibits are proof of his alleged mental health deliberate indifference claims, and without the exhibits the civil claims "are somewhat downplayed."  (ECF No. 7, p. 1.)

As explained in the First Informational Order issued on October 2, 2018, the Court will not serve as a repository for the parties' evidence.  (ECF No. 2.)  Evidence, such as prison or medical records and inmate appeals, need not be submitted until it becomes necessary to do so in connection with a motion for summary judgment, trial or the Court requests otherwise.  (Id.)  The order further states that it is not necessary to attach exhibits to the complaint, because for screening purposes, facts stated in complaints are accepted as true.

Furthermore, the Court has not yet screened Plaintiff's complaint under 28 U.S.C. § 1915A(a).  If, upon screening, Plaintiff has not stated any cognizable claims, but may be able to do so through amendment, his complaint will be granted leave to amend.  If Plaintiff feels compelled to submit exhibits with any such amended complaint, he is reminded that such exhibits must be attached to the complaint and must be incorporated by reference.  Fed. R. Civ. P. 10(c).

---

[1] The Court takes judicial notice of the complaint filed on May 10, 2018, in Taylor v. Relevante, Case No. 1:18-cv-00641-JDP.  That complaint is seventeen (17) pages long.

However, as the Court must assume that Plaintiff's factual allegations are true for screening purposes, it is generally unnecessary to submit exhibits in support of the allegations of the complaint. Plaintiff's complaint will be screened in due course.

Based on the foregoing, Plaintiff's motion to file exhibits to the complaint exceeding the 25-page limit, (ECF No. 7), is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **November 9, 2018**          /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE