# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUNTAE TAYLOR,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MIMMS, et al.,<br><br>　　　　Defendants. | Case No. 1:18-cv-1356 BAM (PC)<br><br>ORDER REGARDING PLAINTIFF'S NOTICE OF VOLUNTARY DISMISSAL OF DEFENDANTS OLIVEIRA AND GALVIZ<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 17)<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff Shauntae Taylor ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action under 42 U.S.C. § 1983. Plaintiff's first amended complaint, filed on August 14, 2019, is currently before the Court for screening. (ECF No. 17.)

**I.　Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

1

conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

**II. Plaintiff's Allegations**

Plaintiff is currently housed at California State Prison at Sacramento and alleges the events in the complaint occurred while Plaintiff was housed at Corcoran. Plaintiff names the following defendants: (1) Dr. Mims, Mental Health Physician,[1] (2) Dr. Kyle, Mental Health Physician, (3) Beer, Correctional Sergeant, (4) Oliveira, Correctional Counselor, (5) Galviz, Correctional Counselor.

In Claim I, Plaintiff alleges violation of the Eighth Amendment for deliberate indifference to Plaintiff's serious mental health and medical needs. In Claim II, Plaintiff alleges the Defendants retaliated against Plaintiff in violation of Plaintiff's First Amendment rights.

Plaintiff's specific allegations are as follows: Plaintiff arrived from Kern Valley State Prison on June 15, 2018 and had been on suicide watch. Plaintiff has a long history of serious mental health problems. Mental Health personnel do not believe people who verbally express depression or suicidal ideations. Plaintiff believes Mental Health staff do not care. He referred to Exh. A-3 which is a partial diagnosis of Plaintiff's conditions expressing his violent tendencies and the need for involuntary medication. Plaintiff alleges he relives trauma due to a hurtful

---

[1] In his first amended complaint, Plaintiff spells Defendant Dr. Mims' name without a double "mm." In Plaintiff's original complaint, Plaintiff spelled the Defendant's name as Dr. "Mimms," with a double "mm." (ECF No. 1.) The Court will accept the spelling in the first amended complaint and refer to the defendant as Dr. Mims.

childhood, family issues, and job loss. Plaintiff alleges that staff had 10 days to transfer Plaintiff to the hospital or raise his level of mental health. A checklist had to be completed and a follow up plan developed. (EXF No. 17, Exh. A-4 p.3.) Dr. Mims used vindictiveness and bias for discharging an inmate from suicide watch on personal vendettas or beliefs.

Plaintiff then alleges a "violent transfer" June 15, 2018 incident with custody where he was being moved and was injured in his right arm and he was denied waist restraints. He alleges that he was denied waist restraints by Mental Health.

Dr. Mims was unprofessional, biased and hateful in her notes about Plaintiff's mental disorder. Dr. Mims said Plaintiff is likely to die in prison before any opportunity for release and she wished death upon Plaintiff. Dr. Kyle knew Plaintiff was being discharged while still being suicidal. Dr. Kyle acted in unison with the deliberate indifference. Plaintiff that talks about his underlying case involving his mental breakdown and the events of that case, which do not appear to be relevant to Plaintiff's allegations.

Plaintiff complains that Dr. Mims and Dr. Kyle do not review mental history and go back to years prior to see when an inmate's troubles started. This is negligence. They basically called Plaintiff a fake and discharged Plaintiff from the crisis unit while being aware of his continued suicidal ideations.

Plaintiff alleges Defendant Beer used unprofessional, unlawful, derogatory threats towards Plaintiff on August 7, 2018. Defendant Beer made physical threats against Plaintiff and threatened a beating. Plaintiff submitted on August 9, 2018 an emergency appeal of Defendant Beer's actions and threats. Plaintiff then alleges that Defendant Beer stopped or delayed the responses to his 602s.

Plaintiff states that he will "remove" from the complaint Defendants Oliveira and Galviz. (ECF No. 17 p.10 ("I'll let the court please extract and remove the two defendants named above [Oliveira and Galviz] from this complaint altogether.")

Plaintiff alleges Dr. Mims came to his door for the first time and introduced herself and asked Plaintiff if he would like to come out and speak. Plaintiff gave reasons for his refusals, including his injury and not getting waist restraints. When Dr. Mims came back to talk to him,

3

she told him she had called his prior prison he had just transferred from and the clinician there said Plaintiff was not coming out to talk there either. Plaintiff alleges that Dr. Mims asked Plaintiff to allow Dr. Mims to watch him masturbate so she could send him to an outside hospital. Plaintiff knew it was a set up so he would get a violation report for indecent exposure.

Plaintiff attempted suicide on two occasions in April 2019 while at Corcoran. Plaintiff should not have been discharged from the mental health crisis unit because they were aware that Plaintiff was feeling suicidal. Plaintiff received a rules violation for a retaliatory cell extraction on April 12, 2019 as an adverse effect.

On July 31, 2019, at CSP Sacramento, Plaintiff's television, CD player and other property were replaced do to John Doe unknown officer destroying and sealing plaintiff's property on April 12, 2019.

Plaintiff seeks as injunctive relief as follows: place a staff separation alert upon all defendants disallowing Plaintiff to be near or around any of the defendants. Plaintiff also seeks compensatory and punitive damages.

### III. Discussion

Plaintiff's complaint is lengthy, disjointed, repetitive and difficult to understand. Plaintiff's complaint fails to state a cognizable claim.

#### A. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557.

Plaintiff's complaint is not short. It consists of 14 densely packed handwritten pages of rambling and disjointed allegations. The amended complaint is less clear of the allegations

4

Plaintiff contends violated his constitutional rights than was his original complaint. Plaintiff's amended complaint is not a short statement of the facts which comprise his claims and fails to briefly and succinctly state what happened, when it happened and who was involved.

**B.     Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S. Ct. 2018, 56 L.Ed. 2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S. Ct. 598, 46 L.Ed. 2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978).

Dismissal of Defendants Oliveira and Galviz

Here, Plaintiff's amended complaint states that he has "removed" Correctional Counselor Oliveira and Correctional Counselor Galviz from the allegations of any constitutional violation. The Court construes that Plaintiff intends to voluntarily dismiss Defendants Oliveira and Galviz. "[U]nder Rule 41(a)(1)(i), a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment." *Commercial Space Mgmt. Co., Inc. v. Boeing Co., Inc.*, 193 F.3d 1074, 1077 (9th Cir. 1999) (quotation and citation omitted). "[A] dismissal under Rule 41(a)(1) is effective on filing, no court order is required, the parties are left as though no action had been brought, the defendant can't complain, and the district court lacks jurisdiction to do anything about it." *Id.* at 1078. In this case, no defendant has filed an answer or motion for summary judgment. Defendants Oliveira and Galviz will be

5

dismiss by operation of law.

Other Defendants

Plaintiff's amended complaint continues to lump together the Defendants as a group ("staff" or "defendants"), making the Court unable to draw the connection between each Defendant's actions or omissions and the alleged denial of Plaintiff's constitutional rights. Plaintiff does not link who was involved in the violent transfer. Plaintiff had been advised in the Court's previous screening that Plaintiff must link each individual Defendant to a specific act or omission that violated Plaintiff's rights. Plaintiff's allegations about Plaintiff attempted suicide on two occasions in April 2019 while at Corcoran do not link any defendant to any purported constitutional violations. To the extent that Plaintiff alleges that the Defendants violated prison policy, practice or procedure, a violation of prison policy, practice or procedure is not sufficient to state a claim that Plaintiff's constitutional rights were violated.

**C.   Federal Rules of Civil Procedure 18 and 20**

Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997). The "same transaction" requirement refers to similarity in the factual background of a claim. Id. at 1349. Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Plaintiff was previously cautioned that Plaintiff may not raise different claims against different Defendants in a single action. Plaintiff may not, in a single case, assert a claim for a "violent transfer" while simultaneously asserting an unrelated claim regarding deliberate indifference to his suicidal ideation. Plaintiff may not bring allegations, regarding Plaintiff's attempted suicide on two occasions in April 2019 while at Corcoran, in a complaint regarding incidents in June 2018. Unrelated claims involving multiple defendants belong in different suits.

**D. Eighth Amendment**

**1. Deliberate Indifference to Medical Care**

A prisoner's claim of inadequate medical care constitutes cruel and unusual punishment in violation of the Eighth Amendment where the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096.

A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," Simmons v. Navajo Cty. Ariz., 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. Jett, 439 F.3d at 1096. In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105–06).

Mere differences of opinion between a prisoner and prison medical staff or between medical professionals as to the proper course of treatment for a medical condition do not give rise to a § 1983 claim. See Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

Dr. Mims

Plaintiff fails to state a claim against Dr. Mims. The allegations in the first amended complaint are more convoluted and unclear than in the original complaint. Plaintiff was

previously advised that an amended complaint supersedes the original complaint and any amended complaint must be "complete in itself without reference to the prior or superseded pleading." Lacy v. Maricopa Cnty, 693 F.3d 896, 927 (9th Cir. 2012). As best the Court can determine, Plaintiff alleges that Dr. Mims discharged Plaintiff from the crisis bed on June 28 even though Plaintiff said he was suicidal and Dr. Mims did not have any information about Plaintiff.

Plaintiff may not allege contradictory allegations from his previous complaint. The allegations in the original complaint stated that non-Defendant Brandon discharged Plaintiff and that Dr. Mims had information about Plaintiff because Dr. Mims called Plaintiff's prior institution and spoke to Plaintiff's counselor. Harbridge v. Schwarzenegger, 2011 WL 6960830, at *8 (C.D.Cal. Aug.31, 2011) (collecting cases and explaining "[w]here allegations in an amended complaint contradict those in a prior complaint, a district court need not accept the new alleged facts as true ...").

Plaintiff alleges that there was an apparent disagreement between Dr. Mims and Dr. Kyle because Defendant Dr. Kyle said she cannot do anything about the discharge. However, a difference of opinion among medical professionals does not amount to deliberate indifference to serious medical needs. Toguchi, 391 F.3d at 1059–60. Further, Plaintiff has also failed to allege any harm from release from the mental health crisis bed.

It appears that Plaintiff claims that Dr. Mims violated his rights by the statements she included in her progress notes about Plaintiff. In Dr. Mims' 6/27/18 Clinical Summary and Case Formulation (ECF No. 17, Exh. A-5, p. 40), Dr. Mims wrote (in relevant part):

> Patient continued to claim SI, has refused mh treatment during his 12 day stay and can't leave cell due to shoulder injury, won't cuff up.
>
> He has difficulties with staff and has several 115s resulting in SHU term and current STRH placement. IP has a long history of threatening staff, assault on pOs, battery on inmates and fighting.
>
> Plaintiff complkains[sic] that no one is helping him, yet, spent the last 12 days in his cell declining mh intervention and continued to say each day he was suicidal. Patient appears to have secondary gain i.e. EOP, and looking to MHCB to change is LOC.
>
> The IP is likely to die in prison long before his opportunity for release in any

8

form can be realized.

Plaintiff disagrees with Dr. Mims' medical note and alleges that medical note shows bias and misconduct. Plaintiff's own disagreement with the doctors' decisions cannot support a claim. Toguchi, 391 F.3d at 1058. Plaintiff does not have a constitutional right to any particular opinion of a medical expert as expressed in the contents of his medical records. Any constitutional right is for deliberate indifference to his medical needs, not to challenge the opinion of the medical professional. The existence and contents of this note does not plausibly state a cognizable claim for deliberate indifference.

### Dr. Kyle

Dr. Kyle got notified that Plaintiff was going to be discharged from the crisis unit, and Dr. Kyle later told Plaintiff that "many inmates get discharged while being suicidal, it's not her decision, if the clinician discharged Plaintiff than she had her reasons." The only allegation against Dr. Kyle is the allegation that Dr. Kyle knew Plaintiff was being discharged. There is no allegation that Dr. Kyle knew that Plaintiff was suicidal. As stated above, a difference of opinion among medical professionals does not amount to deliberate indifference to serious medical needs. Toguchi, 391 F.3d at 1059–60. Plaintiff also claims he told others of his suicidal ideation, but he does not say who he told, what action that person took or what happened to Plaintiff and how Plaintiff was injured.

**2.      Conditions of Confinement**

Sexual Misconduct

Sexual harassment or abuse of an inmate by a corrections officer is a violation of the Eighth Amendment." Wood v. Beauclair, 692 F.3d 1041, 1046 (9th Cir. 2012) (citations omitted). However, "not 'every malevolent touch by a prison guard gives rise to a federal cause of action.'" Watison v. Carter, 668 F.3d 1108,1113 (9th Cir. 2012) (quoting Hudson v. McMillian, 503 U.S. 1, 9 (1992)) "In evaluating a prisoner's claim, courts consider whether the officials acted with a sufficiently culpable state of mind and if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation." Wood, 692 F.3d at 1046

(internal quotation marks and alterations omitted). The court in Watison found no sexual harassment in violation of the Eighth Amendment where a plaintiff alleged a correctional officer entered the plaintiff's cell while the plaintiff was on the toilet, began to search the cell, ignored the plaintiff's request that he leave, rubbed his thigh against the plaintiff's thigh while sexually smiling, and left the cell laughing. Watison, 668 F.3d at 1112. Watison reasoned that the officer's "alleged wrongdoing was [not] objectively 'harmful enough' to establish a constitutional violation." Id. at 1114 (internal quotation marks omitted); see Palmer v. O'Connor, No. 2:11–CV–2927–KJN (P), 2013 WL 1326207, at *4 (E.D. Cal. Mar. 29, 2013) ("Inmate sexual harassment claims that allege brief inappropriate touching by a correctional official are generally found to be noncognizable, particularly if the alleged touching occurred pursuant to an authorized search. 'Even if plaintiff believed that there was a sexual aspect to the search, more is needed.'").

Even if the Court were to find plausible that Dr. Mims asked Plaintiff to masturbate, to the extent that Plaintiff claims he was subject to verbal sexual misconduct by Defendant Dr. Mims, Plaintiff fails to state an Eighth Amendment claim. "After incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Watison, 668 F.3d at 1112 (citing Jordan v. Gardner, 986 F.2d at 1521, 1525 (9th Cir. 1993) (en banc)). "The alleged pain may be physical or psychological." (Id.) Plaintiff has failed to allege facts to support severe psycholocial pain required to state an Eighth Amendment claim.

**E. Retaliation**

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a 1983 claim. Rizzo v. Dawson, 778 F.2d 5527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did

not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support a claim under section 1983. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003). The Court must "'afford appropriate deference and flexibility' to prison officials in the evaluation of proffered legitimate penological reasons for conduct alleged to be retaliatory." Pratt, 65 F.3d at 807 (9th Cir. 1995) (quoting Sandin v. Conner, 515 U.S. 472, 482 (1995)). The burden is on Plaintiff to demonstrate "that there were no legitimate correctional purposes motivating the actions he complains of." Pratt, 65 F.3d at 808.

As best the Court can determine, Plaintiff alleges he was retaliated against by being discharged from the mental crisis bed. Plaintiff does not have a constitutional right to argue with officers or mental health staff and therefore any "retaliation" by discharge from the mental health crisis bed is not cognizable. In addition, Plaintiff does not state when his 602s were filed and how and why Defendants knew of his 602 before he was discharged from mental crisis. In fact, the exhibits attached to the amended complaint do not show that any 602 was submitted before Plaintiff was released from mental crisis. Further, Plaintiff's speculation that Defendant Beer is interfering with Plaintiff's 602 appeal responses is not sufficient to state a cognizable claim.

**F. Grievance Procedure**

Plaintiff alleges that Defendant Beer violated his First Amendment rights by interfering with the 602 responses. However, Plaintiff cannot pursue any claims against prison staff based solely on the processing and review of his inmate appeals. Plaintiff does not have a constitutionally protected right to have his appeals accepted or processed. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). The prison grievance procedure does not confer any substantive rights upon inmates and actions in reviewing appeals cannot serve as a basis for liability under section 1983. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); see also Wright v. Shannon, No. 1:05-cv-01485-LJO-YNP PC,

2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment). Denial or refusal to process a prison grievance is not a constitutional violation. Rushdan v. Gear, No. 1:16-cv-01017-BAM (PC), 2018 WL 2229259, at *6 (E.D. Cal. May 16, 2018). Significantly, Plaintiff does not allege that Defendant Beer interfered with filing of the 602 grievances, just that Beer interfered with Plaintiff's receipt of responses to his grievances. Accordingly, Plaintiff fails to state a cognizable claim arising out of the screening or processing of his grievances or complaints.

### G. Verbal Threats

Plaintiff alleges Defendant Beer threatened Plaintiff. Mere verbal harassment or abuse does not violate the Constitution and, thus, does not give rise to a claim for relief under 42 U.S.C. § 1983. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987). In addition, threats do not rise to the level of a constitutional violation. Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).

### H. Injunctive Relief

In addition to compensatory damages, Plaintiff seeks injunctive relief. To recover for injunctive relief, "[P]laintiff must show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006) (internal quotations and citations omitted). "The key issue is whether the plaintiff is 'likely to suffer future injury.'" Jones, 444 F.3d at 1126. Furthermore, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

### IV. Conclusion and Order

For the reasons stated, Plaintiff's amended complaint fails to state a cognizable section 1983 claim for relief. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the identified deficiencies and further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, it is HEREBY ORDERED that:

Based upon Plaintiff's agreement to dismiss Defendants Oliveira and Galviz, Defendants Oliveira and Galviz are terminated from this action by operation of law. Fed. R. Civ. P. 41(a)(1)(A)(i).

The Court HEREBY DIRECTS the Clerk of the Court to randomly assign a district judge to this action.

Furthermore, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a cognizable section 1983 claim.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 11, 2019**  /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE