# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUNTAE TAYLOR,<br><br>        Plaintiff,<br><br>   v.<br><br>MIMMS, *et al.*,<br><br>        Defendants. | Case No. 1:18-cv-01356-AWI-BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 19) |

Plaintiff Shauntae Taylor ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 13, 2019, the assigned Magistrate Judge issued findings and recommendations recommending dismissal of this action for failure to state a cognizable section 1983 claim.[1] (ECF No. 19.) Those findings and recommendations were served on Plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (Id. at 13.) On October 7, 2019, after the expiration of the deadline, Plaintiff filed his objections.[2] (ECF No. 20.)

---

[1] The findings and recommendations also acknowledged the termination of Defendants Oliveira and Galviz from this action by operation of law, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

[2] Plaintiff states that he did not receive the findings and recommendations until on or about September 23, 2019. (ECF No. 20, p. 1.) Therefore, although untimely, the Court will consider the objections below.

1

In his objections, Plaintiff states that he "totally disagrees" with the Magistrate Judge's findings and recommendations, and that he should have been provided with an attorney to help him express his claims. Plaintiff then sets forth conclusory allegations regarding the merits of his claims, states that his mental health care is now at the highest level, and for that reason argues that the Court should either appoint counsel to assist him or allow this case to proceed to discovery. (Id.)

With respect to Plaintiff's request for counsel, Plaintiff is informed that he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request for the appointment of counsel, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with many similar cases filed by prisoners proceeding *pro se* while receiving mental health treatment almost daily. These prisoners also must conduct legal research and prosecute claims without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Given Plaintiff's failure to state a claim thus far, the Court cannot find any likelihood of success on the merits.

///

| | |
|---|---|
| 1 | The Court has otherwise reviewed Plaintiff's objections, but finds no basis warranting |
| 2 | rejection of the Magistrate Judge's findings and recommendations. As discussed in the findings |
| 3 | and recommendations, Plaintiff's allegations, which are conclusory at best, demonstrate at most a |
| 4 | difference of opinion between Plaintiff and Defendants regarding the appropriate course of |
| 5 | medical treatment. Such a difference of opinion does not amount to deliberate indifference. |
| 6 | Plaintiff's remaining objections otherwise assert his disagreement with the Magistrate Judge's |
| 7 | findings, but provide only conclusory allegations in support. As such, the Court finds these |
| 8 | objections unpersuasive. |
| 9 | In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this Court has conducted a |
| 10 | *de novo* review of the case. Having carefully reviewed the entire file, including Plaintiff's |
| 11 | objections, the Court concludes that the Magistrate Judge's findings and recommendations are |
| 12 | supported by the record and by proper analysis. |

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for counsel, (ECF No. 20), is denied;
2. The findings and recommendations issued on September 13, 2019, (ECF No. 19), are adopted in full;
3. This action is dismissed, with prejudice, due to Plaintiff's failure to state a claim upon which relief may be granted; and
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: December 13, 2019

_____
SENIOR DISTRICT JUDGE